33 F.3d 56
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William L. CODY, Defendant-Appellant.
 No. 93-2363.
 United States Court of Appeals, Seventh Circuit.
 Argued May 16, 1994.
Decided Aug. 29, 1994.
 
 Before CUMMINGS, HILL* and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Cody was convicted of a violation of 18 U.S.C. Sec. 922(g)(1), being a felon in possession of a firearm. The firearm was seized from his truck upon the execution of a search warrant later found by the district court to be invalid. The gun, however, was admitted at trial, over Cody's objection, under the "good faith" exception to the exclusionary rule. Cody also objects to the trial judge's refusal to allow the gun and its ammunition clip to be taken into the jury room during jury deliberations. Finally, Cody contends that the trial judge committed reversible error in her response to a jury question.
 
 The Admission of the Evidence
 
 2
 The "good faith" exception to the rule that evidence from an illegal search is inadmissible operates to allow the admission of that evidence where an officer executes a search pursuant to a warrant that he reasonably believes contains sufficient facts to support a finding of probable cause. United States v. Leon, 468 U.S. 897 (1984). Conversely, if a warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" then no exception to the exclusionary rule is made. Id. at 923 quoting Brown v. Illinois, 422 U.S. 590, 610-611 (1975).
 
 
 3
 In United States v. Dickerson, 975 F.2d 1245, 1250 (7th Cir.1992), cert. denied, 113 S.Ct. 1316 (1993), this Court held that the "good faith" exception applies when a law enforcement officer relies, with objective good faith, on a judicial officer's incorrect finding of probable cause and issuance of a search warrant.
 
 
 4
 In this case, the affidavit, upon which the magistrate relied to find probable cause to issue the search warrant, contained the address and a description of Cody's house at which drugs had been seen by a previously reliable confidential informant. The affidavit also contained descriptions and license plate numbers of two vehicles driven by Cody. Although the affidavit was, as the trial judge later concluded, "somewhat unartfully written," the affiant clearly believed that drugs were being concealed not only at the house, but in the truck owned and operated by Cody who resided at the address stated in the search warrant. Based upon these facts, the magistrate found probable cause to issue the warrant.
 
 
 5
 Upon motion to suppress, the trial judge concluded that the affidavit was deficient as to facts to support the search of the truck, but not so deficient that the law enforcement officers could not have held a reasonable belief that the subsequent search was conducted pursuant to a valid warrant.
 
 
 6
 This Court has reviewed the affidavit, warrant and record. The trial judge's application of the "good faith" exception, denying the motion to suppress in this case, was not clearly erroneous. The admission of the gun into evidence was not error.
 
 The Handling of the Evidence
 
 7
 At the conclusion of the evidence the district judge announced that, for safety reasons, it was her practice not to allow exhibits such as the handgun and the clip to go to the jury room during deliberations. The judge, however, did permit the jury to hold and examine the gun and clip in the jury box for as long as they liked.
 
 
 8
 Cody argues that fingerprints taken from the gun or clip would have linked the gun to another person. The government's witnesses testified that fingerprints are seldom obtained from handguns, so no fingerprint test was performed on the gun or the clip. Cody wanted the gun and clip to go into the jury room so that the jurors could see its smooth surfaces and infer that prints might have been obtainable from it, thereby undermining the credibility of the government's witnesses. Therefore, he argues, the trial judge's refusal to allow the gun or clip to go back to the jury room was reversible error.
 
 
 9
 A district court's handling of the exhibits will be reviewed for a clear abuse of discretion. United States v. Burrell, 963 F.2d 976, 982 (7th Cir.1992). This Court will "not second-guess the decision of a trial judge that is in conformity with established legal principles and, in terms of its application of those principles to the facts of the case, is within the range of options from which one could expect a reasonable trial judge to select." United States v. Koen, 982 F.2d 1101, 1114 (7th Cir.1992).
 
 
 10
 We have previously approved a trial judge's decision for safety reasons not to permit weapons in the jury room. United States v. Burrell, 963 F.2d at 983. The trial judge in this case permitted the jury to inspect and handle the gun and the clip in the courtroom. The refusal to permit it to go into the jury room was not an abuse of discretion.
 
 The Response to the Jury Question
 
 11
 Finally, we find no merit in Cody's belated objection to the trial judge's response to a jury question. Cody's counsel not only failed to object to the response at the time, but participated in its drafting.
 
 
 12
 Cody points out that in United States v. Silvern, 484 F.2d 879, 883 (7th Cir.1973), we gave specific instructions to district judges as to the form any supplemental instruction regarding a possible jury deadlock must take. Here, however, the trial judge did not undertake to give a "... supplemental instruction relating to a deadlock". Cf. U.S. v. Peak, 856 F.2d 825, 829 (7th Cir.1988). Indeed, she responded by declining to do so, referring the jury to her original written instructions which they had in the jury room. Therefore, Silvern is inapplicable.
 
 
 13
 Finding no error, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable James C. Hill, Senior Circuit Judge for the United States Court of Appeals for the Eleventh Circuit, sitting by designation